**Michael J. Smith**
AZ State Bar No. 011105
P.O. Box 94328
Phoenix, Arizona 85070
(602) 228-9938
**gonzalezandsmith@aol.com**
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　　Plaintiff. ) ) ) | No. CR-23-00139-PHX-SPL |
| vs. ) ) | SENTENCING MEMORANDUM |
| Moses Jonathon Castrillo, )<br>　　　　　　Defendant. )<br>_____ ) | |

　　　　The defendant, Moses Castrillo, through counsel undersigned, provides this court with a sentencing memorandum and a recommendation of a sentence of no more than 4 years of probation.

　　　　Mr. Castrillo regrets his acting as a straw purchaser of firearms. As a young man he did not grasp the severity of his actions. It was simply quick money to support his addiction to fentanyl. Over the 2 years he has been on pretrial release, Mr. Castrillo has had a difficult time. Although he has addressed his fentanyl addiction and notes just how horrible of an addiction it is, he has struggled with sobriety. On one occasion he became extremely intoxicated with his brother while at his mother's house. This event ended with Mr. Castrillo being in a fight at a bar. Thanks to the court's intervention, he does not associate with his brother or mother due to their pressure to drink and not follow the rules of his release. Mr. Castrillo did violate his release again by breaking his curfew to see his pregnant girlfriend who resides with a physically abusive parent. The time in custody since his violation has allowed Mr. Castrillo to understand that he cannot provide for his

child if he is incarcerated.  He took the step of realizing that there may be reasons to violate his release, but it is his responsibility to know right from wrong, regardless of the circumstances.  The maturation process for a young man can be a difficult process, and although Mr. Castrillo has had setbacks, the supervision provided by the court has allowed him to advance tremendously in his sobriety and maturity.  Given the opportunity he would like to continue to mature, remain sober and provide for his child.  The fact that he will have missed the birth of his first child has impacted him tremendously and he realizes that he must abide by the rules of the court as well as society.

Just as the court is required to consider the Guidelines the court is also required to consider 18 U.S.C. §3553.  18 U.S.C. §3553 requires the court to consider: (1) the nature and circumstances of the offense and the history and character of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, provide deterrence and protect the public; (3) the kind of sentences available; (4) the guidelines; (5) policy statements; (6) avoid sentencing disparity, and; (7) need to provide restitution to the victims.

**1.)  The nature and circumstances of the offense**.  Mr. Castrillo purchased firearms for acquaintances to support his addiction to fentanyl. Has received treatment and recognizes the destructive nature of drugs as well as the harm that could be caused by his actions.

**2.)  The need for the sentence to reflect the seriousness of the offense, provide deterrence and protect the public**.  A sentence of probation would reflect the seriousness of the offense given the defendant's history, social background and circumstances of the offense.  Mr. Castrillo would continue to benefit from that court's guidance and the best method to protect the public is to allow Mr. Castrillo to continue his path of sobriety and provide for his child.

**4-5.)  The Guidelines and Policy statements**.  The guidelines are reflected in the

presentence report.

**6.) The need to avoid sentencing disparity**. There will be no sentencing disparity. The specific facts and circumstances warrant the defense's recommended sentence. The Guidelines were made advisory so that the court could exercise its discretion based not only on the facts of the case, but on the individual to be sentenced. Incarceration risks losing the gains he has made after treatment while on pretrial supervision. Although not perfect, Mr. Castrillo has made significant advancements.

**7.) Restitution**

Restitution is not applicable.

For the foregoing reasons, it is requested that this court sentence Mr. Castrillo to no more than 4 years of probation.

RESPECTFULLY SUBMITTED this 7th day of March, 2025.

By:

Michael J. Smith
Attorney at Law

CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025 I electronically transmitted a Sentencing Memorandum using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street – SPC 1
85003-2118

Patrick Chapman

By: /s/ Michael J. Smith
   MICHAEL J. SMITH

– 3 –